UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID JOHN SCHWARTING,<br><br>    Defendant. | 5:14-CR-50100-JLV<br><br>REPORT AND RECOMMENDATION |

Pending is Defendant's Motion for an Order Granting a <u>Franks</u> Hearing (Doc. 216). In support of his motion, Mr. Schwarting, through his current counsel of record, George Grassby, filed a memorandum in support of the motion on August 1, 2017, and a supplemental memorandum in support of the motion on August 16, 2017. (Doc. 217, 235). The United States resists the motion by written memorandum. (Doc. 226). Based on a careful consideration of the record, and counsel's written arguments, the Court respectfully makes the following:

### **RECOMMENDATION**

It is respectfully recommended that Defendant's motion be denied in its entirety.

### **JURISDICTION**

Defendant is charged in an Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and

1

841(b)(1)(B). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Chief Judge Jeffrey L. Viken's Standing Order dated March 9, 2015, and the Order of Referral dated August 9, 2017 (Doc. 230).

## FACTUAL BACKGROUND

An evidentiary hearing was held on December 14, 2016. (Doc. 143, 160). The facts of this case are set forth in extensive detail in this magistrate judge's report and recommendation. (Doc. 163). Defendant David Schwarting objected to the factual and legal conclusions. (Doc. 174). The district court considered Mr. Schwarting's objections and overruled them, ordering that the report and recommendation was adopted in full. (Doc. 239). Accordingly, the factual finding of the report and recommendation and the district court's order of October 16, 2017, are the law of the case.

## DISCUSSION

Mr. Schwarting seeks to challenge the validity of the warrant by asserting that the affiant knowingly, intentionally, or with reckless disregard for the truth, included a false statement in the affidavit; and without that information included in the affidavit, there is no longer probable cause. The government opposes the motion arguing that for all practical purposes, a Franks hearing has been held as the affiant, Agent Palmer, already testified and was subjected to cross examination. Additionally, the United States argues that the affidavit does not contain any untruthful information or a reckless disregard for the truth, and the affidavit was supported by probable cause.

**A.      Whether Mr. Schwarting Is Entitled to a Franks Hearing**

A defendant is only entitled to a Franks hearing if he makes a substantial showing that an affiant to a search warrant application knowingly or intentionally, or with reckless disregard for the truth, made false statements or omitted material facts and that the alleged statements were necessary to a finding of probable cause.  Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  "Whether [the defendant] will prevail at that hearing is, of course, another issue."  Id. at 172.

The Fourth Amendment requires that a search warrant may be issued only upon a showing of probable cause.  United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007).  In order to challenge a finding of probable cause under Franks, a defendant must show, by a preponderance of the evidence, that (1) the affiant, in preparing the search warrant affidavit, deliberately and knowingly, or with reckless disregard for the truth, included falsehoods; and (2) the affidavit lacks sufficient content to support a finding of probable cause if the challenged information is set aside.  Franks, 438 U.S. at 171-72; United States v. Humphreys, 982 F.3d 254, 259 n.2 (8th Cir. 1992).

The same analysis applies to omissions of facts in that the defendant must show (1) that the affiant intentionally or recklessly omitted material facts thereby making the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.  Humphreys, 982 F.3d at 259 n.2.  The defendant's challenge must be more than conclusory and must be supported by the evidence.

Franks, 438 U.S. at 171. The defendant must specify which parts of the affidavit are claimed to be false and must provide a statement of supporting reasons or an "offer of proof." Id. Finally, the defendant may only challenge the veracity of the affiant's statements and not that of nongovernmental informants because a reviewing court is concerned only with whether the affiant knowingly and deliberately included falsehoods or recklessly omitted the truth. Id; see also United States v. Amburn, 412 F.3d 909, 917 (8th Cir. 2005) (citing Franks, 438 U.S. at 171).

"To show reckless disregard for the truth, we do not look simply at whether a statement included in the affidavit was true; rather, we ask whether, when looking at all the evidence available to the officer, the officer 'must have entertained serious doubts as to the truth of his [or her] statements or had obvious reasons to doubt the accuracy of the information he [or she] reported.'" United States v. Neal, 528 F.3d 1069, 1072 (8th Cir. 2008) (quoting United States v. Schmitz, 181 F.3d 981, 986-987 (8th Cir. 1999) (alterations in original)). Under this standard, "every fact recited in the warrant affidavit [need not] necessarily [be] correct." United States v. Buchanan, 574 F.3d 554, 563 (8th Cir. 2009) (quoting Franks, 438 U.S. at 165). The Eighth Circuit has held that an officer "may rely upon information received through an informant . . . so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge[.]" United States v. Koons, 300 F.3d 985, 991 (8th Cir. 2002) (internal quotations omitted).

Here, Mr. Schwarting argues that Agent Palmer (1) failed to set forth a theory as to why eight ounces of methamphetamine were found during the search of the vehicle when the informant, John Harold, believed officers would find four ounces; (2) the affidavit failed to state if the substance believed to be methamphetamine field-tested positive for methamphetamine; (3) the affidavit omitted information that Agent Palmer did not seize the informant's phone or obtain evidence from the phone which corroborated the informant's statements; (4) the affidavit failed to set forth the time frame that Mr. Schwarting was under surveillance[1] and omits that law enforcement observed no behavior which constituted probable cause; and the affidavit omits any facts stating that the informant had been in the hotel room or that other customers were coming and going from the hotel room.  In his supplemental memorandum, Mr. Schwarting asserts that the video and audio recordings—which were turned over to Mr. Schwarting and listened to by Mr. Grassby and Mr. Schwarting after the suppression hearing, but prior to filing the motion for a Franks hearing—contain "a substantial amount of material facts that are in stark contrast to previous testimony . . ." (Doc. 235 at p. 3-4).  However, Mr.  Schwarting fails to identify any specific facts.

Arguments 1 and 3 as set forth above were also asserted in Mr. Schwarting's objections to the report and recommendation.  In its Order adopting the report and recommendation, the district court held:

---

[1] Mr. Schwarting believes that he was under surveillance for approximately seven hours, which is the time frame between when the informant implicated Mr. Schwarting and when Mr. Schwarting was arrested.

5

> In seeking to undermine the affidavit supporting the warrant, defendant makes claims about the reliability and accuracy of information Agent Palmer, Special Agent Byron and Mr. Harold provided.  (Doc 174, at pp. 2, 4-5, 6-8).  The court finds these arguments unpersuasive.  They do not undercut the court's probable cause determination which analyzed the information law enforcement collected and the extent it was independently verified.

(Doc. 239 at p. 27).  The district court's findings are applicable to Mr. Schwarting's motion for a Franks hearing, and dictate denial of the motion on these grounds.

This court likewise finds Mr. Schwarting's new arguments—that the affidavit fails to inform the magistrate judge that the substance field-tested positive for methamphetamine, and that law enforcement did not observe any conduct constituting additional probable cause while Mr. Schwarting may or may not have been under surveillance—without merit.  Agent Palmer's reliance on Trooper Bader's statements and the informant's statements that the substance located in the car does not constitute knowingly and deliberately including falsehoods or recklessly omitting the truth.  Likewise, the lack of information regarding the length of surveillance of the hotel room is of no consequence and does not weaken the other overwhelming facts in the affidavit establishing probable cause.  Given the absence of a showing that Agent Palmer knowingly and deliberately included a falsehood (including by omission) or recklessly disregarded the truth, Mr. Schwarting is not entitled to a Franks hearing.

6

## CONCLUSION

Based on the foregoing discussion and analysis, this court recommends that the Motion for an Order Granting a Franks Hearing be denied in its entirety.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

DATED this 14th day of November, 2017.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge